IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KIMBERLY A. ALEXANDER | ) | |
| | ) | |
| v. | ) | NO. 3:17-1453 |
| | ) | |
| UNIVERSITY OF MEMPHIS and | ) | |
| DR. LORETTA RUDD | ) | |

**TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

## REPORT AND RECOMMENDATION

By Order entered February 21, 2018 (Docket Entry No. 9), the Court referred this *pro se* action to the Magistrate Judge for pretrial matters under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rule of Court.

Presently pending is the motion to dismiss (Docket Entry No. 15) of Defendants University of Memphis and Dr. Loretta Rudd. Plaintiff has responded in opposition to the motion. *See* Docket Entry No. 18. Also before the Court is Defendants' reply. *See* Docket Entry No. 20. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be granted in part and denied in part.

### I. BACKGROUND

Kimberly Alexander ("Plaintiff") is a resident of Nashville, Tennessee who was formerly an employee at the University College at the University of Memphis ("University of Memphis") in Memphis, Tennessee. On November 15, 2017, she filed this *pro se* lawsuit against the University of Memphis and Dr. Loretta Rudd ("Dr. Rudd"), an employee of the University of Memphis. Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., based upon events that happened during her employment at the University of Memphis. *See* Complaint (Docket Entry No. 1). Plaintiff's *pro se* complaint sets out a somewhat

rambling description of the events upon which her lawsuit is based, but the crux of her complaint is that she suffered racial discrimination while teaching at the University of Memphis during 2015 and 2016. *Id*. at 2-3. She further alleges that she suffered various forms of retaliation, including the nonrenewal of her employment, for having opposed discriminatory practices and for having filed a charge of discrimination. *Id*.

Attached to Plaintiff's complaint is a Charge of Discrimination that she filed with the Tennessee Human Rights Commission on July 26, 2016. *See* Docket Entry No. 1-1 at 2. In the Charge of Discrimination, Plaintiff marked the box for "Retaliation" as the basis for her claim and set out the following statement:

> I have been subjected to harassment by Dean Lattimore (White) who didn't allow me to see my students and Human Resources Director refuses to give me a copy of my evaluation and contract. The contracts are given in March, however, I was told that I would receive my contract in May 2016, and haven't received it yet. I have been employed with the above company since August 20, 2014, as an Assistant Clinical Professor.
>
> I believe that I have been discriminated against in retaliation for complaining to upper management in violation of Title VII of the Civil Rights Act of 1964, as amended.
>
> *************Amended Charge, original filed on June 6, 2016* *************
>
> On May 20, 2016, I was informed by Dean, Earnest Rakow that my contract would be renewed for the upcoming year due to performance. I filed my charge of discrimination on June 6, 2016. The company received my charge around June 16, 2016. On July 15, 2016, I was called by Provost, Karen Weddle-West and informed my contract would not be renewed.
>
> I believe I have been discriminated in retaliation for filing previous charge of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id*. at 2.[1] Also attached to the complaint is the right-to-sue letter from the EEOC, dated August 16, 2007. *Id*. at 1.

After being served with process, Defendants filed the pending motion to dismiss. First, they seek dismissal under Rule 12(b)(3) of the Federal Rules of Civil Procedure based on the argument

---

[1] Although the Charge of Discrimination attached to the complaint refers to a charge filed on June 6, 2016, and Plaintiff states in her complaint that a charge was filed on June 6, 2016, *see* Complaint at 8, Plaintiff did not attach to her complaint a copy of the charge filed on June 6, 2016.

that this district is not the proper venue for the lawsuit, which they contend is based upon events occurring in the Western District of Tennessee. *See* Memorandum in Support (Docket Entry No. 16) at 4. Second, they contend that Plaintiff's allegations fail to support Title VII claims against both Rudd and the University of Memphis and that the lawsuit should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. *Id*. at 4-8. Specifically, Defendants argue that: (1) Defendant Rudd cannot be sued individually under Title VII; (2) Plaintiff's claim for racial discrimination cannot be reviewed because it was not brought before the EEOC in a charge of discrimination and is also not supported by Plaintiff's allegations; and (3) Plaintiff's claim for retaliation is limited to the allegations contained in her Charge of Discrimination and is also not supported by her allegations. *Id*. at 5-8.

Plaintiff responds in opposition to the motion. First, she contends that she was initially hired by the Tennessee Board of Regents ("TBR"), that the University of Memphis is a TBR institution, that the TBR was involved in responding to her EEOC Complaints, and that she has communicated with the TBR several times about her termination. *See* Response in Opposition (Docket Entry No. 18) at 2-3. She argues that venue in this district is appropriate because the TBR is located in Nashville, Tennessee and is within this district. *Id*. at 3. Second, Plaintiff contends that individual liability is permissible under Title VII and that her allegations support Title VII claims. *Id*. at 3-9. Plaintiff further attaches 70 plus pages of documents to her response as evidentiary support for her claims. *Id*. at 10-88.

In their reply, Defendants contend that the bulk of Plaintiff's attachment are matters outside the pleadings and outside the scope of the Court's review of the motion to dismiss and, thus, should be stricken. *See* Reply (Docket Entry No. 20) at 1-2. Defendants further argue that Plaintiff's response contains factual allegations that are not a part of her complaint and should also not be considered. *Id*. at 2-3. Defendants finally contend that Plaintiff's racial discrimination and retaliation claims are not supported by factual allegations sufficient to state claims for relief even when Plaintiff's response is considered. *Id*. at 2-5.

II. ANALYSIS

A. Improper Venue

Defendants seek dismissal of the action pursuant to Rule 12(b)(3). The burden of establishing venue falls on Plaintiff, and the Court may examine facts outside of the complaint but "'must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff.'" *Ian v. Bottom Line Record Co.*, No. 3:16-CV-00187, 2016 WL 8711721 at *2 (M.D. Tenn. July 1, 2016) (Trauger, J.) (quoting *Gone to the Beach, LLC, v. Choicepoint Serv.*, 434 F.Supp.2d 534, 536–37 (W.D. Tenn. 2006). If the Court finds that venue is improper, it has discretion, under 28 U.S.C. § 1406, to dismiss the case, or transfer the case to a district where venue is proper. *First of Michigan Corp. v. Branlet*, 141 F.3d 260, 262 (6th Cir. 1998).

Defendants argue that venue in this district is improper under 28 U.S.C. § 1391(b). They contend that the proper venue for this lawsuit is the Western District of Tennessee since that is the judicial district in which defendants reside and where a substantial part of the events giving rise to the lawsuit occurred.

However, the general venue provision of 28 U.S.C. § 1391(b) does not control this case. Venue for an action brought under Title VII is determined by 42 U.S.C. § 2000e–5(f)(3), the specific statutory venue provision governing Title VII actions[2]. Under this provision, a plaintiff may bring a Title VII action in any one of four judicial districts: (1) any judicial district in the state in which

---

[2] 42 U.S.C. § 2000e-5(f)(3) provides:

Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

4

the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such practice are maintained and administered; (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice; or, (4) if the respondent is not found within any such district, within the judicial district in which the respondent has his principal office. 42 U.S.C. § 2000e–5(f)(3); *Smith v. Kyphon, Inc.*, 578 F.Supp.2d 954, 959 (M.D.Tenn. 2008). Because the alleged unlawful employment practices in this case occurred in Tennessee, venue for Plaintiff's lawsuit exists within any judicial district in Tennessee, *see Richardson v. Alabama Bd. Of Educ.*, 935 F.2d 1240, (11th Cir. 1991), and the Middle District of Tennessee is a proper venue for Plaintiff's lawsuit under the first prong of Section 200e-5(f)(3). Defendants' motion to dismiss for improper venue lacks merit.

B. Failure to State a Claim under Title VII

Title VII makes it an unlawful employment practice for an employer "to discriminate against any individual with respect to his [or her] compensation, terms, conditions or privileges of employment, because of such individual's . . . race ." 42 U.S.C. § 2000e-2(a)(1). Title VII also makes it unlawful for an employer to retaliate against an employee because the employee has opposed an employment practice made unlawful under Title VII or made a charge of discrimination or testified, assisted, or participated in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e–3(a). Defendants raise several arguments for dismissal under Rule 12(b)(6). As set out below, some of these arguments have merit, while others do not.

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *See also Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In reviewing the sufficiency of the complaint, the court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). The complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).[3]

The motion to dismiss should be granted as to Defendant Rudd for all claims brought under Title VII. Defendant Rudd is an employee at the University of Memphis who has supervisory responsibilities and who is alleged to have participated in the discriminatory and retaliatory conduct. However, it is settled law within the Sixth Circuit that Title VII does not provide for a cause of action against individual defendants who do not otherwise qualify as an employer. *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003); *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001); *Mahar v. Meharry Med. Coll.*, 2017 WL 6442144 at *9 (M.D. Tenn. Dec. 18, 2017); *DeSoto v. Bd. of Parks & Recreation*, 64 Fed.Supp. 3d 1070, 1084 (M.D. Tenn. 2014). The fact that an individual may hold a supervisory position does not render the individual liable under Title VII. *Akers*, *supra*. There are no allegations that Defendant Rudd was Plaintiff's employer. The case law on the issue of individual liability under Title VII cited by Plaintiff in her response in opposition is not controlling in this case.

With respect to Plaintiff's claims against the University of Memphis, the Court finds that the motion should also be granted, but only in part. The motion to dismiss has merit as to dismissal of Plaintiff's claim of racial discrimination. Before commencing litigation under Title VII, a plaintiff must file a charge of discrimination with the EEOC and receive a right-to-sue letter. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f); *Cleveland Branch, N.A.A.C.P. v. City of Parma,* 263 F.3d 513,

---

[3] Because the purpose of a motion to dismiss brought under Rule 12(b)(6) is to test the sufficiency of the allegations in the complaint and not to decide the merits of the case, the Court has not taken into consideration the evidentiary material attached by Plaintiff to her response.

534 (6th Cir. 2001). In light of this requirement, as a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in the charge of discrimination. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010).

The Charge of Discrimination filed by Plaintiff that is attached to her complaint refers only to a claim of retaliation and and does not include allegations of racial discrimination in the narrative section of the charge. *See* Docket Entry No. 1-1 at 2. Further, even though the form used for the Charge of Discrimination contains ten specific checkmark boxes with instructions stating "DISCRIMINATION BASED ON (Check appropriate box(es).)," Plaintiff checkmarked only the box for "retaliation" and did not checkmark the box for "race" or "color." Thus, her racial discrimination claim was not presented to the EEOC.

However, an exception to the general rule exists that allows a claim that is not explicitly included in a charge of discrimination to be brought in a lawsuit if the uncharged claim can be viewed as one that would reasonably be expected to grow out of the scope of the charge that was filed. *See Tisdale v. Federal Exp. Corp.*, 415 F.3d 516, 527-28 (6th Cir. 2005); *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004); *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1988). Further, the Sixth Circuit has held that the scope of a charge of discrimination should be liberally interpreted where the plaintiff was not assisted by counsel in drafting the charge. *Johnson v. Cleveland City Sch. Dist.*, 344 Fed.App'x 104, 109 (6th Cir. 2009). Plaintiff argues her racial discrimination claim is one that would reasonably be expected to grow out of the scope of the charge that she filed. Specifically, she contends that the Charge of Discrimination that she filed "indicates discrimination based on retaliation," *See* Response in Opposition at 5, and that "[t]he discrimination occurred first, I exercised my rights and was retaliated against for filing EEOC charges. Therefore, the claim of discrimination should remain because it is within the scope of the EEOC." *Id*. at 6.

The Court disagrees. If filing a charge of discrimination that clearly alleged only retaliation for engaging in protected activity necessarily renders the conduct complained about in the protected

activity "within the scope" of the retaliation charge, the exception would essentially swallow the rule and render meaningless the requirement that alleged unlawful conduct be included in a charge of discrimination. There must be some link or reference between the charge of discrimination that was filed and the claims sought to be litigated. *See Little v. Select Med.*, 2017 WL 5900117 at *1 (M.D. Tenn. Nov. 30, 2017) (Crenshaw, J.) (plaintiff could not pursue discrete acts of discrimination that were not included in the charge of discrimination).

The instant case is not one in which a plaintiff simply did not checkmark the box for racial discrimination yet included factual allegations about racial discrimination in the narrative of the charge and, thus, clearly raised the issue of racial discrimination. In such a situation, the lack of a checkmarked box would not be determinative because the narrative contained in the body of the charge is sufficient. *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004); *Laramore v. Ozburn-Hessey Logistics, LLC*, 2008 WL 3914409 at *1 (M.D.Tenn. Aug. 20, 2008) (Trauger, J.).

The instant case is also not one in which a defendant attempts to parse the words of a charge of discrimination in order to limit its scope. To the contrary, in the case at hand, Plaintiff's Charge of Discrimination has both an absence of a checkmarked box for race discrimination and an absence of any reference to, or factual allegations about, racial discrimination. Nothing about the charge that Plaintiff filed would have alerted the EEOC to investigate the multiple acts of racial discrimination that are set out in Plaintiff's complaint. In such a situation, the uncharged conduct cannot be reasonably said to be within the scope of the actual charge that was filed by Plaintiff. *Cf. Golden v. Metro. Gov't of Nashville & Davidson Cty.*, 263 F. Supp. 3d 684, 690 (M.D.Tenn. 2017) (plaintiff's claim for racial discrimination was sufficiently within the scope of his charge of discrimination, which included both a checkmark for "race" as a basis for discrimination and specific factual allegations about racially discriminatory and harassing conduct).

As to Plaintiff's retaliation claim, however, the Court finds that the Charge of Discrimination clearly raised her claim of retaliations and exhausted the allegations of retaliation set out in her complaint. Further, her complaint sets out sufficient factual allegations to support a claim of

8

retaliation under Title VII. At the pleading stage, Plaintiff is not required to plead facts that satisfy the *prima facie* case requirement that is part of the *McDonnell Douglas* burden shifting analysis used in review of employment discrimination cases. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) ("it was error for the district court to require [plaintiff] to plead a *prima facie* case . . . in order to survive a motion to dismiss"). Instead, Plaintiff is merely required to set forth facts that satisfy the plausibility standard of *Iqbal* and *Twombly*. *Roof v. Bel Brands USA, Inc.*, 641 Fed.App'x 492, 497 (6th Cir. 2016). Additionally, Plaintiff's *pro se* status requires the Court to afford her *pro se* pleading a liberal construction. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Plaintiff does not rely upon conclusory or cursory allegations in her complaint. To the contrary, she sets out several pages detailing adverse treatment in her workplace that she contends was retaliatory. The treatment is asserted to have been directed at the terms and conditions of her employment, including the non-renewal of her teaching contract, and is alleged to have been intimidating, negative, and harassing. She further alleges that this treatment occurred subsequent to (1) her internal complaints about what she believed was unfair workplace treatment and (2) a formal charge of discrimination.

Plaintiff has not alleged employment actions that are obviously and unquestionably *de minimis* or that would, under any factual scenario, fail to rise to the level of sufficient adversity to support a claim under Title VII. Instead, Plaintiff's allegations are sufficient to state plausible claims under Title VII. *See Keys*, 684 F.3d at 609-10; *Williams v. McDonald*, 2016 WL 1366668 at *3 (M.D. Tenn. Apr. 5, 2016) (Trauger, J.); *Kiger v. Jennings Funeral Homes, Inc.*, 2011 WL 13575, *2 (M.D. Tenn. Jan. 4, 2011) (Campbell, J.). While the University of Memphis may ultimately be able to show that there is a lack of evidentiary support for Plaintiff's claim of retaliation and that she cannot satisfy certain elements of her claim of retaliation, these showings are more suitable for

9

review upon a motion for summary judgment rather than upon a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).[4]

### R E C O M M E N D A T I O N

For the reasons set out above, the undersigned respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 15) of Defendants University of Memphis and Loretta Rudd be:

1) GRANTED with respect to the Title VII claims against Loretta Rudd and Plaintiff's Title VII racial discrimination claim. These claims should be DISMISSED; and

2) DENIED with respect to the request for dismissal under Rule 12(b)(3) for improper venue and DENIED with respect to Plaintiff's Title VII retaliation claim.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days of service of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

    Respectfully submitted,

    BARBARA D. HOLMES
    United States Magistrate Judge

---

[4] The Court notes that each of the supporting cases cited in Defendants' motion to dismiss for the proposition that Plaintiff has not stated a claim for relief is a case decided either at the summary judgment stage or after a trial on the merits, not upon an early filed motion to dismiss.