UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KIMBERLY A. ALEXANDER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:17-cv-01453 |
|  | ) | CHIEF JUDGE CRENSHAW |
| UNIVERSITY OF MEMPHIS and | ) |  |
| LORETTA RUDD, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Report and Recommendation from the Magistrate Judge, recommending the Court grant in part and deny in part Defendants' Motion to Dismiss. (Doc. No. 21.) Kimberly Alexander filed timely objections. (Doc. No. 24.) For the following reasons, after a de novo review of the record, the objections are overruled, and the Report and Recommendation is adopted.

Alexander alleges two violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e: (1) race discrimination and (2) retaliation. (Doc. No. 1.) Prior to filing the Complaint, Alexander filed a pro se charge of discrimination with the Tennessee Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC"). (Doc. No. 1-1 at 2.) In her charge of discrimination, Alexander checked the box that the discrimination was based on retaliation, but not the box that indicated race. (Id.) The fact section outlines that she was being harassed and, ultimately, terminated, all because she was "discriminated in retaliation for filing previous charge [sic] of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended." (Id.)

The Magistrate Judge recommended dismissing Alexander's racial discrimination claim because she did not include a racial discrimination claim in her EEOC charge. (Id.) Alexander objects, arguing that her EEOC charge "indicated retaliation for filing internal charges and those charges were racial and retaliation charges." (Doc. No. 24 at 1-2.) She argues that because she was complaining about retaliation for complaining about racial discrimination, her racial discrimination claim should be allowed to stand. (Id.)

Generally, a plaintiff "must file a charge with the EEOC and receive a right-to-sue letter before commencing litigation." Johnson v. Cleveland City Sch. Dist., 344 F. App'x 104, 110 (6th Cir. 2009). A charge must "identify the parties[ ] and . . . describe generally the action or practices complained of." Id. (quoting 29 C.F.R. § 1601.12(b)). The plaintiff may only present claims raised in the EEOC charge or claims "reasonably expected to grow out of the charge of discrimination." Cleveland Branch, N.A.A.C.P. v. City of Parma, Oh., 263 F.3d 513, 534 (quoting Davis v. Sodexho, Cumberland Coll. Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998)). EEOC charges particularly pro se charges, are construed liberally, and "subsequent actions should not be restricted by the failure of a complainant to attach the correct legal conclusion to the EEOC claim, conform to procedural technicalities, or include 'the exact wording which might be required in a judicial pleading.'" Davis, 157 F.3d at 463 (quoting EEOC v. The Bailey Co., Inc., 563 F.2d 439, 447 (6th Cir. 1977)). The "determinative inquiry . . . is whether [the plaintiff] alleged sufficient facts in [her] EEOC Complaint to put the EEOC on notice of [her retaliation] claim." Dixon v. Ashcroft, 392 F.3d 212, 217 (6th Cir. 2004).

The Court agrees with the Magistrate Judge that no matter how liberally the Court reads the EEOC charge, a racial discrimination claim would not reasonably grow out of the retaliation claim. First and foremost, "a claim of retaliation is both logically and factually distinct from a

claim and discrimination." CBOCS West, Inc. v. Humphries, 553 U.S. 442, 460 (2008). Not once does the EEOC charge mention racial discrimination or anything regarding Plaintiff's race. Instead, Plaintiff alleges only that she was "discriminated in retaliation for filing previous charge of discrimination." (Doc. No. 1-1 at 2.) There is no mention of what the previous charge of discrimination was about, and nothing would put the EEOC or the University of Memphis on notice that they need to investigate a racial discrimination claim. Because all of the facts in the EEOC charge refer to retaliation and there is no mention of race, the racial discrimination claim must be dismissed for lack of subject matter jurisdiction.

Accordingly, the Report and Recommendation (Doc. No. 21) is **ADOPTED**. Defendant's Motion to Dismiss (Doc. No. 15) is **GRANTED IN PART** with respect to the Title VII racial discrimination claim, and **DENIED IN PART** in all other respects. The Title VII racial discrimination claim is **DISMISSED** for lack of subject matter jurisdiction.

The file is **RETURNED** to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE