UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KIMBERLY A. ALEXANDER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | NO. 3:17-cv-01453 |
|  | ) |  |
| UNIVERSITY OF MEMPHIS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 66) recommending that the Court grant the University of Memphis's (the "University") Motion for Summary Judgment (Doc. No. 52). Kimberly Alexander, proceeding *pro se*, has filed objections to the R&R (Doc. No. 69), to which the University has not responded. For the reasons stated below, the Court will adopt the R&R and grant the University's motion.

The Court will not repeat the entire factual background and procedural history of this case because it is aptly set forth in the R&R. (Doc. No. 66 at 1–8.) In short, Alexander's sole remaining claim[1] against the University is that she suffered various forms of retaliation, including the nonrenewal of her employment contract, for filing internal grievances against her colleagues and eventually filing a charge of discrimination with the Tennessee Board of Regents and Equal Employment Opportunity Commission ("EEOC") on June 9, 2016. (See Doc. No. 1; Doc. No. 53-1 at 86.) The Magistrate Judge recommends dismissing this case because Alexander has not established a *prima facie* case of retaliation by her coworkers, her supervisor, or the University

---

[1] The Court previously dismissed all claims against Dr. Loretta Rudd and the Title VII race discrimination claim against the University. (Doc. Nos. 25, 26.)

itself, and even if she did, the University met its burden of articulating legitimate, nondiscriminatory reasons for the allegedly retaliatory conduct. (Doc. No. 66 at 11–19.)

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition [on a dispositive motion] that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." See also 28 U.S.C. § 636(b)(1)(C). Only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration. Fed. R. Civ. P. 72(b)(2). Moreover, the Court's Local Rules require that proper objections "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections." L.R. 72.02(a). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)).

It is difficult to discern the exact nature of Alexander's objections, particularly because they appear to focus on irrelevant legal and factual issues. For example, Alexander claims the University "failed to adhere to the amended contract" and "failed to follow their own policies . . . as outlined in the employment contract," yet this is not a breach of contract case. (Doc. No. 69 at 1–2, 6–7.) She also contends that the University was aware of her June 9, 2016 EEOC charge on July 19, 2016, as opposed to July 25 (Doc. No. 69 at 6), but this discrepancy is irrelevant to whether the University knew about the charge when it sent the July 15, 2016 letter opting not to renew Alexander's employment contract. (See Doc. No. 66 at 6–7, 16.) The Court is not convinced that

2

Alexander's other arguments, which merely reargue facts the Magistrate Judge either disposed of or deemed undisputed pursuant to Federal Rule of Civil Procedure 56(e)(2) and Local Rule 56.01(c)(3), establish a prima facie retaliation claim or that the University's legitimate, nondiscriminatory reasons for the conduct were pretextual.

In any event, Alexander's objections are improper to the extent they reflect her general disagreement with the R&R and her request to "reevaluate all data and grant Summary [Judgment] to Plaintiff based on the facts presented." (Doc. No. 69 at 7.) "[A]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." J.A. v. Smith Cty. School Dist., 364 F. Supp. 3d 803, 812 (M.D. Tenn. Mar. 6, 2019) (quoting VanDiver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich 2004)). Moreover, Alexander's general objections neither state with particularity the specific portions of the R&R she is objecting to, nor do they contain a single citation to the R&R to apprise the Court of the bases for her objections. See L.R. 72.02(a). Nor do her objections contain even one case citation explaining how the Magistrate Judge committed legal error. Although the Court acknowledges that Alexander is proceeding *pro se*, that does not excuse her from complying with the Federal Rules of Civil Procedure or the Court's Local Rules. See McNeil v. United States, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Nor does Alexander's *pro se* status obligate the Court to consider non-specific objections buried within her filing. See U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Accordingly, Alexander's objections are overruled.

Having conducted a de novo review of the R&R, the Court agrees with the Magistrate Judge's recommended disposition. Accordingly, the Magistrate Judge's R&R (Doc. No. 66) is **APPROVED AND ADOPTED**, and the University's Motion for Summary Judgment (Doc. No. 52) is **GRANTED**.

This is a final order. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE